[Civ. No. 21598. Second Dist., Div. One. Sept. 4, 1956.]

CHARLES H. EGGLESTON et al., Respondents, v. LIBERTY MUTUAL INSURANCE COMPANY, Appellant.

Lyndol L. Young for Appellant.

Sam B. Dunford for Respondents.

DORAN, J.—The plaintiffs' action is based upon an automobile insurance policy issued by the defendant to one Evander Talbert, the policy limits being $10,000 for one accident and $20,000 for all accidents. On June 30, 1952, an intersection collision occurred between the Talbert and Eggleston automobiles, and an action by the Egglestons resulted in a verdict and judgment for the defendant Talbert.

Thereafter, a new trial was granted on the ground that Evander Talbert, defendant, and two alleged eyewitnesses had testified falsely. A second trial, without a jury, resulted in a judgment for the plaintiffs. Talbert was prosecuted for subornation of perjury and found guilty. Thereafter the present action against the insurance company was instituted and tried before a jury which returned a verdict of $11,497.47 in favor of the plaintiff Mildred Eggleston and $4,321.23 for Charles Eggleston.

As noted in respondents' brief, ''Defendant's denial of liability . . . did not come until after the company had defended him [insured] in the first trial of *Eggleston* v. *Talbert*. The sole grounds for the denial of liability was that Talbert had violated the cooperation clause of the policy by knowingly giv-

ing the company the names of two false witnesses, one of whom was called by the defense in the first trial as a witness of the accident but was later exposed as one who did not witness it. The essence of appellant's contention is not that the insured failed to give his assistance to prevent a recovery of damages against him but that he over-cooperated by furnishing appellant with the names of witnesses who he knew had not seen the accident.''

It is the appellant's contention that ''The insured, Talbert, breached the cooperation clause (of the policy) as a matter of law''; that there was no waiver or estoppel in respect to this breach; and that the testimony of Talbert was inherently improbable. Appellant's brief states that in the present action, Talbert ''appeared as a witness for the plaintiffs and testified that a few days after the accident occurred he notified the defendant Insurance Company about the accident; he thought it was the next day, and that he phoned them and that he talked to Mr. Hashwell; he was not sure but thought it was Mr. Hashwell, and that he told Mr. Hashwell that he did not have any witnesses and that he asked Mr. Hashwell if he needed any witnesses, and that Mr. Hashwell told him it would be better, and he then told Mr. Hashwell that he had two friends that he could get to be witnesses.'' Two alleged eye-witnesses, Vera Compton and Rosetta Cleveland, testified in the action against Talbert.

It is evident that appellant's contentions are concerned with the sufficiency of evidence in support of the verdict and judgment. It is fundamental that where the record discloses any substantial evidence in support of findings or verdict, an appellate court will not attempt an evaluation of the evidence. Such is the situation in the instant case, and although it is true that there is certain conflicting evidence, the record contains substantial evidence in support of the jury's finding.

As stated in respondents' brief, the jury may well have believed that there was a waiver by the defendant insurance company of any breach of the cooperation clause in the policy, and that ''The production by the assured of alleged witnesses after his first conversation with the company representative in which he denied having any witnesses but was given to understand by the representative that witnesses would be desirable, would be an arresting circumstance putting appellant upon inquiry as to the genuineness of the witnesses.'' Respondents also point out that ''appellant did not produce any testimony from its field investigator and the one

who presumably interviewed the alleged witnesses,'' in respect to demeanor, etc., facts indicating that the witnesses were or could have been in the vicinity, and other matters tending to put the insurer upon suspicion or notice of falsity of the testimony. In any event the matter of waiver or estoppel, under the evidence, was a question of fact for the jury to decide.

 The appellant has claimed that certain rulings of the trial court in respect to admission of testimony were erroneous and prejudicial to the defendant's case. These related to knowledge of defendant's employees concerning a police report stating that ''officers were unable to locate disinterested witnesses,'' and other inquiries on cross-examination, bearing on appellant's belief as to genuineness of the alleged eyewitnesses, knowledge possessed by appellant's witnesses, and other matters. If error was committed in any of these instances, the record fails to reveal any prejudice. All matters of fact were quite fully gone into during the trial and it cannot be deemed that the jury was led astray in arriving at the verdict in favor of the respondents.

 The same may be said in reference to alleged erroneous instructions requested by the plaintiff and given by the trial court, and respondents' argument. If any such there were, no prejudice to appellants' legal rights are apparent. The record fails to sustain appellants' contention that a ''Verdict for plaintiffs is a flagrant miscarriage of justice. There is not a scintilla of evidence to support the verdict of the jury for the plaintiffs. It is the result of prejudice.''

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied September 24, 1956.